UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


AVEN J. FOX,                                           Civil No. 09-6178-JE

      Plaintiff,                                   OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

HAGGERTY, District Judge:

      Magistrate Judge Jelderks has issued a Findings and Recommendation [21] in this action.

The Magistrate Judge recommends affirming the Commissioner's decision denying plaintiff's

application for social security benefits.  Plaintiff timely filed objections, and the case was

referred to this court.  For the following reasons, this court adopts the Findings and

Recommendation.

**<u>STANDARDS</u>**

      When a party objects to any portion of a Findings and Recommendation, the district court

must conduct a *de novo* review of that portion of the Magistrate Judge's report.  28 U.S.C. §

1 - OPINION AND ORDER

636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313

(9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

## DISCUSSION

The Findings and Recommendation contains a detailed factual summary outlining the

history of this matter and a detailed summary of the legal standards relevant to the issues in this

case.  These summaries are adopted.

In her objections to the Findings and Recommendation, plaintiff repeats the same

arguments that she asserted in her opening brief.  Plaintiff asserts that the Administrative Law

Judge (ALJ) made five errors in finding that plaintiff was not disabled, including: (1) improperly

assessing plaintiff's impairments; (2) improperly evaluating the medical opinions; (3) improperly

rejecting plaintiff's testimony; (4) improperly rejecting lay witness testimony; and (5) improperly

relying on testimony from an independent vocational expert (VE).  Plaintiff's objections will be

addressed in turn.

### 1.    Assessment of plaintiff's impairments

Plaintiff asserts that substantial evidence does not support the ALJ's decision because "the

same ALJ evaluate[d] the same evidence and, without explanation, arrive[d] at different findings

. . . ."  Objections at 2.  This objection is without merit.

Following a stipulation by the parties, the ALJ's first disability determination was

vacated, and the case was remanded for a new hearing so that the ALJ could re-evaluate the

evidence.  Tr. 541-42.[1]  After the ALJ heard testimony from plaintiff and a VE, she issued a

---

[1]  Tr. refers to the Transcript of the Administrative Record.

decision again finding plaintiff to be not disabled. Tr. 522. The ALJ determined that plaintiff suffered from several severe impairments, but did not include the impairments she identified in her first decision. Tr. 523. The ALJ also included different limitations for plaintiff's residual functional capacity (RFC). Tr. 525.

The Magistrate Judge concluded that the ALJ was not bound by the findings in her vacated decision, and was not required to explain any inconsistencies between the earlier decision and the new final decision following the remand. Findings and Recommendation (F&R) at 9-10.

Although the Commissioner's prior findings are binding on any later decision, no preclusive effect should be given to a decision that is vacated by a remand to the agency. *See* 42 U.S.C. § 405(h); *Reed v. Massanari*, 25 Fed. App'x 535, 536-37 (9th Cir. 2001) (remanding to the ALJ with explicit directions to not give *res judicata* effect to the credibility determination from the previous proceeding). A remand order essentially wipes out the prior agency decision. *Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 851 (9th Cir. 1997). The existence of an inconsistency between two decisions following a remand, by itself, does not demonstrate a lack of substantial evidence so long as a rational interpretation of the evidence supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## 2.    Medical opinions

Plaintiff objects to the ALJ's and the Magistrate Judge's evaluation of the medical opinion evidence. She also asserts that "signs" of disability exist in her medical records, and that those signs are sufficient to prove her claim of disability. Objections at 3. Plaintiff's arguments are rejected.

A.    "Signs" of disability

The regulations explain that "objective medical evidence" includes medical signs and laboratory findings.  20 C.F.R. §§ 404.1529(a), 416.929(a).   Signs are "anatomical, physiological, or psychological abnormalities which can be observed . . . and shown by medically acceptable clinical diagnostic techniques."  20 C.F.R. §§ 404.1528(b), 416.928(b).  A claimant cannot establish his or her disability with subjective statements alone.  20 C.F.R. §§ 404.1529(a), 416.929(a).  Instead, the claimant must put forth evidence including signs and laboratory findings which when considered in combination with the claimant's statements, lead to the conclusion that the claimant is disabled.  *Id.*

Accordingly, signs alone are not sufficient to establish disability.  Plaintiff was required to show signs, laboratory findings, and subjective pain complaints in support of her medical impairments to justify a finding of disability.  *Id.*

Plaintiff's medical records generally lacked observable anatomical, physiological, or psychological abnormalities.  Her doctors reported normal laboratory reports, normal nerve conduction studies, good ranges of motion, and improved functioning in her limbs.  Tr. 269, 356-57, 364, 414-21.  The ALJ did, however, fail to mention plaintiff's Global Assessment of Functioning (GAF) scores between 50 and 55.[2]  Tr.  309-20.

A GAF score is relevant to a disability determination.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, GAF scores are not dispositive regarding the severity of a

---

[2] A GAF score between 41 and 50 indicates "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 598-99 n.1 (9th Cir. 1999).  A score between 50 and 60 indicates "'moderate symptoms' or moderate difficulty in 'social, occupational, or school functioning.'"  *Vasquez v. Astrue*, 572 F.3d 586, 595 (9th Cir. 2009).

claimant's mental impairments, and need not be directly discussed by the ALJ if the scores are accounted for in the RFC. *McFarland v. Astrue*, 288 Fed. App'x 357, 359 (9th Cir. 2008) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)).

Plaintiff's GAF scores imply moderate to severe symptoms or impairments. This finding is consistent with the ALJ's determination that plaintiff suffered from moderate difficulties in social functioning. Tr. 525. The ALJ concluded that plaintiff did not have severe impairments based on plaintiff's daily activities and other medical opinions. Tr. 527-28. Plaintiff's RFC also included limitations related to her alleged mental impairments, including a restriction to simple and repetitive tasks, and minimal social contact. Tr. 525-26. The ALJ's failure to specifically discuss plaintiff's GAF scores is therefore not reversible error.

### B.    Plaintiff's treating physicians

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citation omitted). Similarly, an ALJ may discredit the opinion of a treating physician that is unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ gave little weight to the opinions of plaintiff's treating physicians, Dr. Donald Orwick, Dr. George Suckow, and Michelle Oksanen, M.S., because they were not supported by objective medical evidence, relied solely on plaintiff's subjective complaints, and conflicted with

plaintiff's conservative treatment and daily activities.  Tr. 528-29.  The ALJ also explained that

Ms. Oksanen was not a licensed physician, and not considered an acceptable medical source.  *Id.*

The ALJ provided specific and legitimate reasons for rejecting the opinions of plaintiff's

treating physicians.  *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010)

(holding that treating physician's opinion was permissibly rejected because it was based on the

claimant's self-reports and not objective).  Plaintiff's physicians reported that her clinical tests

were generally normal.  Tr. 349, 354-57, 373-76 (noting that nerve studies, MRI, and x-rays were

normal, and her seizures were controlled).  Plaintiff's physical and mental impairments have also

responded favorably to conservative treatment such as medication and counseling.  Tr. 311, 349.

Additionally, both Dr. Suckow and Ms. Oksanen provided no opinion regarding plaintiff's

functional limitations in their brief reports, and did not rely on any objective testing.  Tr. 309-19.

The ALJ also gave specific and legitimate reasons for rejecting Dr. Orwick's disability

determination.  Although Dr. Orwick opined that plaintiff was unable to find competitive work,

his disability finding was not binding on the ALJ.  *See Tonapetyan*, 242 F.3d at 1148 (holding

that a treating physician's opinion "is not binding on an ALJ with respect to the existence of an

impairment or the ultimate determination of disability").  Moreover, the ALJ noted that Dr.

Orwick's opinion was largely based on plaintiff's subjective complaints and not supported by

objective findings.  Tr. 453-54, 529 (noting that some of plaintiff's complaints were "not well

characterized and . . . unexplained," and that there was "[no] good explanation for her back and

leg problems").

### C.    Examining and reviewing physicians

The ALJ gave great weight to the opinions and assessments from Dr. Lisa Sjodin and the

State consultative physicians.  Tr. 528.  Plaintiff objects to the weight given to these opinion on

the grounds that her treating physicians should have been afforded more weight, and the State physicians did not review all the medical records.  Objections at 7-8.

A treating physician's opinion generally carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's opinion.  *Carmickle v. Comm'r.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (noting that opinions from physicians with the most significant clinical relationship with the claimant are generally entitled to more weight).  Therefore, the ALJ must set forth specific and legitimate reasons for rejecting the opinion of a treating physician in favor of a conflicting opinion by an examining physician.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

After reviewing the record, this court finds that Dr. Sjodin's opinion is consistent with Ms. Oksanen's and Dr. Suckow's observations of plaintiff.  Tr. 259-264, 314-15, 320-21.  Doctor Sjodin's opinion, however, conflicts with Dr. Orwick's conclusion that plaintiff is probably disabled.  As previously discussed, the ALJ provided specific and legitimate reasons for rejecting Dr. Orwick's disability determination.  Therefore, to the extent that plaintiff's treating physician's opinion is inconsistent with Dr. Sjodin's opinion, the ALJ properly resolved the conflict in favor of the examining physician.

The State consultative physicians reviewed the medical evidence and then made an assessment of plaintiff's RFC.  Tr. 337-46.  Plaintiff asserts that these physicians could not have reviewed all of plaintiff's medical records because the date on the report is December 9, 2002.  Plaintiff is mistaken.  The record shows that the State physicians reviewed all the evidence in the file, as well as the assessments dated December 9, 2002, on June 10, 2003.  Tr. 340, 345.  Accordingly, plaintiff's objections are overruled.

7 - OPINION AND ORDER

### 3.    Lay testimony

Lay witness testimony as to a claimant's symptoms or limitations is competent evidence that cannot be disregarded without comment. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). If an ALJ discounts a lay witness's testimony, he or she must give reasons germane to each witness. *Id.* An ALJ may not dismiss a claimant's family member's testimony solely on the ground that he or she may be a biased advocate for the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).

Plaintiff's boyfriend, Ryan Howell, submitted two statements for review by the ALJ. Tr. 90-101, 139-150. Howell reported that plaintiff visits or speaks with friends daily, drives without difficulty, prepares meals, takes care of her children, occasionally does laundry, rarely shops, and rarely walks or gets other exercise. Tr. 91-100, 141-47. Although Howell originally reported that plaintiff can handle money by herself, he later reported that she could not handle a checkbook because plaintiff no longer had any money. Tr. 99, 148. Howell also reported that plaintiff has a short memory, mood swings, difficulty understanding some conversations, and some problems getting along with co-workers. Tr. 91-93, 149.

The ALJ considered Howell's statements with "caution" because he "has a personal relationship with the claimant and lacks the expertise and possibly the motivation to offer an objective or functional assessment[.]" Tr. 528. The ALJ's broad statement may not constitute a sufficiently germane reason for rejecting his testimony. *Valentine*, 574 F.3d at 694 (noting that the personal relationship rationale is not germane on its own); *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (rejecting lack of expertise rationale); *but see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding that a witness's close relationship with the claimant in addition to inconsistencies in the record qualify as germane reasons)

8 - OPINION AND ORDER

However, as the Magistrate Judge correctly concluded, this error was harmless because the ALJ's RFC assessment was consistent with Howell's statements.  F&R at 22.  An ALJ's failure to properly credit lay witness testimony can be considered a harmless error if the court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

The ALJ's description of plaintiff's daily activities and limitations is consistent with Howell's testimony.  Tr. 524-25.  Plaintiff's RFC also included the limitations cited by Howell related to plaintiff's memory and her interactions with others.  Tr. 525-26 (restricting plaintiff to simple and repetitive tasks and minimal social contact).  Accordingly, a reasonable ALJ would not have reached a different disability determination.

### 4.        Plaintiff's testimony

Plaintiff seems to argue that the Magistrate Judge's failure to discuss all the evidence in the record, which either supported or detracted from plaintiff's credibility, demonstrates that the Magistrate Judge failed to consider the record as a whole.  Plaintiff's objection is rejected.

The ALJ concluded that plaintiff was not entirely credible based on plaintiff's "poor work history," conservative treatment, and inconsistencies between her subjective complaints and her daily activities.  Tr. 527-28.  Because no evidence of malingering existed, the ALJ was permitted to reject plaintiff's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

As explained in the Finding and Recommendation, the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony that were supported by substantial evidence

in the record.  F&R at 21 (citing *Thomas*, 278 F.3d at 959 (poor work history); *Rollins*, 261 F.3d at 857 (daily activities); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (conservative treatment)).  The Magistrate Judge properly evaluated the evidence and the reasons cited by the ALJ for rejecting aspects of plaintiff's testimony.

**5.      VE's Testimony**

Finally, plaintiff asserts that the VE's testimony cannot constitute substantial evidence because it conflicted with the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Objections at 10.  Plaintiff asserts that based on the job descriptions in the DOT and SCO, the jobs identified by the VE are not consistent with the limitations set out in plaintiff's RFC.  Pl.'s Br. at 19-21.

Testimony from a VE constitutes substantial evidence to support an ALJ's disability determination if the VE's testimony reflects all of the claimant's limitations that are supported by substantial evidence in the record.  *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).  The VE often testifies in accordance with the DOT and the SCO because these documents assist the Commissioner in determining whether a claimant can perform work existing in the national economy.  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990).  The VE is not required to testify consistently with the DOT, and the ALJ may rely on the VE's contradictory testimony if persuasive evidence exists in the record to support the conflict.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

The VE in this case identified three jobs that plaintiff could perform in the national economy: small products assembler (DOT 739.687-030), electronics worker (DOT 726.687-010), and packing line worker (DOT 753.687-038).  Tr. 598.  All three jobs require level two

10 - OPINION AND ORDER

reasoning, which is consistent with plaintiff's RFC for simple, repetitive tasks.  *See* DICOT §§ 739.687-030, 726.687-010, 753.687-038; *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding that level two is consistent with simple routine tasks).

Plaintiff also asserts that the identified jobs do not provide for plaintiff's reaching limitations.  Objections at 10.  The ALJ limited plaintiff to occasional overhead and forward reaching, and frequent reaching at table level, and frequent to continuous gripping and handling. Tr. 525.  The three identified jobs require constant to frequent fingering, reaching, and handling. *See* DICOT §§ 739.687-030 (constant fingering, reaching, and handling); 726.687-010 (frequent fingering, reaching, and handling); 753.687-038 (frequent fingering, constant reaching and handling).  None of the jobs require any overhead or forward reaching.  *Id.*  Accordingly, the VE's testimony was consistent with plaintiff's RFC, and provides substantial evidence to support the ALJ's finding that plaintiff is not disabled.

This court has reviewed the Findings and Recommendation *de novo* and plaintiff's objections.  The Findings and Recommendation is well reasoned and supported by substantial evidence in the record.

## CONCLUSION

The Findings and Recommendation [21] is adopted. The Commissioner's decision denying Aven Fox's benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of March, 2011.

      /s/ Ancer L. Haggerty
         Ancer L. Haggerty
      United States District Judge